**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHN BIONDI<br>5908 Moorhouse Drive<br>Wadsworth, OH 44281<br><br>       Plaintiff,<br><br>  vs.<br><br>JAGUAR LAND ROVER NORTH<br>AMERICA, LLC<br>c/o Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221 | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Plaintiff, John Biondi, M.D. for his Complaint against Defendant Jaguar Land Rover North America, LLC for violations Ohio's Lemon Law, the Magnusson-Moss Warranty Act, and breach of warranty, states as follows:

**PARTIES**

1. Plaintiff John Biondi, M.D. (hereinafter "Dr. Biondi" or "Plaintiff"), is an individual residing at 5908 Moorhouse Drive, Wadsworth, Medina County, Ohio, 44281.

2. Dr. Biondi leased the vehicle at issue in this case for personal use, and is a "consumer" as that term is defined in the Consumer Sales Practices Act (hereinafter "CSPA"), R.C. § 1345.01(B) and § 1345.71(A) of Ohio's New Vehicle Nonconformity Act ("Lemon Law").

3. Dr. Biondi also meets the definition of "consumer" under the federal Magnusson-Moss Warranty Act as a lessor of a consumer product transferred during the duration of a

written and an implied warranty applicable to the product purchased. *See* 15 § USCS 2301(3).

4. Defendant Jaguar Land Rover North America, LLC. (hereinafter "JLR" or "Defendant") is a manufacturer of motor vehicles, is registered with the Ohio Secretary of State to do business in Ohio and is a foreign limited liability company with its principal place of business in Delaware.

5. Defendant is a "Manufacturer" pursuant to R.C. § 1345.71 (B) and R.C. § 4517.01 (R) as "a person who manufactures, assembles, or imports motor vehicle".

6. Defendant is a "Supplier" under R.C. § 1345.01(c) as a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer," and under the Magnusson-Moss Warranty Act, as any person engaged in the business of making a consumer product directly or indirectly available to consumers. *See* 15 § USCS 2301(4).

7. Defendant is a "warrantor" as defined by the Magnusson-Moss Warranty Act, as any person who gives or offers to give a written warranty or who may be obligated under an implied warranty. *See* 15 § USCS 2301(5).

## **JURISDICTION**

8. This Court has jurisdiction pursuant to U.S.C. 15 § USCS 2301, The Magnusson-Moss Warranty Act, as the claim exceeds $50,000.

9. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The claim under the Ohio Lemon Law, R.C. § 1345.71 et. seq., exceeds $75,000.00.

10. Venue is proper in this Court as the activities of Defendant occurred in this jurisdiction and the injury to Plaintiff occurred here.

## FACTS

11. March/Hodge/LaMarch Cleveland, LLC, a foreign limited liability company doing business as Westside Automotive Group and Land Rover Westside (hereinafter "Westside") is an authorized dealer for JLR.

12. On February 13, 2021, Westside offered to lease to Dr. Biondi a 2020 Land Rover Range Rover, bearing VIN number SALGS2RU9LA95741 (hereinafter "The Vehicle") at the store located at 9600 Brookpark Road, Brooklyn, Ohio 44129.

13. Westside represented The Vehicle as a brand new 2020 model with actual mileage of "47". (*See* Exhibit 1*,* Retail Lease Agreement).

14. JLR represented that The Vehicle had a manufacturer's warranty, including the battery, for 4 years or 50,000 miles, and also carries a six-year/unlimited-mileage corrosion perforation warranty, plus various emissions warranties, roadside assistance, emergency towing, and trip interruption benefits. *See* https://www.landroverusa.com/ownership/vehicle-warranty.html.

15. Dr. Biondi leased The Vehicle for a 39-month term limited to 10,000 miles per year, with an amount due at signing of $3,000.00 (Cash Downpayment of $1,038.29, First Month's Payment of $1,891.63, and Upfront Taxes of $70.08) and 38 consecutive payments of $1,891.63. (*See* Exhibit 1, Retail Lease Agreement, and Exhibit 2, Closed-End Motor Vehicle Lease Agreement).

16. Dr. Biondi paid $3,000.00 down; the total payments for the term of the lease are $75,376.94. *Id.*

17. Periodically after the lease was agreed to, Dr. Biondi contacted Westside after noticing issues with the battery warnings from the vehicle. Issues with battery warnings persisted

3

throughout the duration of the lease. Each time Dr. Biondi reported the condition to Westside the Westside technicians indicated that the warnings were normal, sometimes creating repair orders but many times not documenting the complaint. Dr. Biondi did not receive copies of all repair orders likely created. Frustrated with the responses of Westside, Dr. Biondi had the vehicle serviced by Land Rover Solon on October 31, 2022; Land Rover Solon replaced the battery and updated The Vehicle's software  (*See* Exhibit 3, Land Rover Solon Repair Order).

18.  On December 3, 2022, Dr. Biondi was driving The Vehicle and his family to Florida when The Vehicle completely shut down on I-77 South in rural Virginia. Dr. Biondi contacted Land Rover for Roadside assistance, but that was not responded to on a timely basis and, as a result, Dr. Biondi contacted American Automobile Association ("AAA") for assistance. The Vehicle was towed by AAA to Land Rover Greensboro, located at 1205 Bridford Parkway, Greensboro, NC 27407 on  December 3, 2022, where it remains to this day. No trip interruption expense benefits have been offered to Dr. Biondi as warranted by JLR.

19. The Land Rover technician at Greensboro has to date been unable to correct the problem although JLR has indicated that  parts are being located in the United Kingdom to be sent to Greensboro which may resolve the issue.

20. On July 23, 2022, a Land Rover owner reported a similar issue to the National Highway Transportation Safety  Administration ("NHTSA"). (*See*, Exhibit 4, NHTSA Complaint).

21. Dr. Biondi contacted JRL requesting a buyback of his vehicle and JLR denied the request.

22. The Vehicle contains defects in its material and/or workmanship that substantially impair its use, value, and safety and is the cause of the damages sustained by Dr. Biondi.

### FIRST CLAIM FOR RELIEF
Violation of Ohio's New Motor Vehicle Non-Conformities Act R.C. § 1345.72
(Violation of Ohio's Lemon Law)

23. Dr. Biondi hereby incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and re-stated herein.

24. Pursuant to R.C. § 1345.72(B):

"If the **manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts**, the manufacturer, at the consumer's option and subject to division (D) of this section, either **shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund** each of the following:  (1) The full purchase price; (2) All incidental damages, including, but not limited to, any fees charged by the lender or lessor for making or canceling the loan or lease, and any expenses incurred by the consumer as a result of the nonconformity, such as charges for towing, vehicle rental, meals, and lodging." (Emphasis Added).

25. Pursuant to R.C. § 1345.73(A)(1), a new motor vehicle does not conform if substantially the same nonconformity has been subject to repair three or more times and either continues to exist or recurs.

26. Dr. Biondi's vehicle did not conform and violated R.C. § 1345.72 as the same nonconformity was subject to **repair three or more times in the first year**.

27. Pursuant to R.C. § 1345.73(A)(2), a motor vehicle does not conform if a new motor "vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days".

28. Pursuant to R.C. § 1345.73(A)(3), a new motor does not conform if there have been eight or more attempts to repair any nonconformity.

29. The Vehicle contains defects including electrical failures, that have existed before and after Dr. Biondi's acceptance of the vehicle, defects that substantially impaired The Vehicle's use, value, and safety to Dr. Biondi.

30. Dr. Biondi properly notified Westside, a licensed dealer to sell and service JLR vehicles, of the nonconformities and JLR has not repaired the defective conditions.

31. Defendant JLR's refusal to repair, reimburse, replace, or otherwise comply with the provisions of the New Motor Vehicle Nonconformities Act was willful, unreasonable, in bad faith, and otherwise a contravention of R.C. § 1345.72.

32. As a direct and proximate result of Defendant's conduct, Dr. Biondi has suffered actual damages as a result of The Vehicle's failure to operate properly and its condition in a defective nonconforming condition.

**SECOND CLAIM FOR RELIEF**
Violation of the Magnuson-Moss Warranty Act
(Violation of Express Warranty)

33. Dr. Biondi hereby incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and re-stated herein.

34. The Magnuson-Moss Warranty Act requires that a warrantor "must as a minimum remedy such consumer product, within a reasonable time and without charge in the case of a defect, malfunction, or failure to conform with such written warranty" and "after a reasonable number of attempts. . .such warrantor must permit the consumer to either a refund for, or replacement without charge".  15 U.S.C. §§ 2304 (a)(1)&(4).

35. Defendant JLR offered an express New Vehicle Limited Warranty for 4 years or 50,000 miles, including a six-year/unlimited-mileage corrosion perforation warranty, plus various emissions warranties, roadside assistance, emergency towing, and trip

interruption benefits. *See* http:// https://www.landroverusa.com/ownership/vehicle-warranty.html.

36. Dr. Biondi adequately notified Defendant of The Vehicle's defective condition but despite numerous attempts, Defendant has been unable to remedy the defects and cause The Vehicle to conform to the written 4 year/50,000-mile warranty included with The Vehicle's purchase.

37. Defendant's failure to repair, reimburse, or replace The Vehicle violates the requirements imposed on a warrant or under the Magnuson-Moss Warranty Act.

38. Pursuant to 15 U.S.C. § 2310(d) a consumer may sue for damages, and other legal and equitable relief for a supplier, warrantor, or service contractor's failure to comply with any obligation under the Act or under a written or implied warranty.

<u>**THIRD CLAIM FOR RELIEF**</u>
Breach of Warranty

39. Dr. Biondi hereby incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and re-stated herein.

40. Dr. Biondi purchased The Vehicle with JLR's express New Vehicle Limited Warranty promising to repair or replace any part that is defective in material or workmanship under normal use.

62. Defendant breached the New Vehicle Limited Warranty due to its inability to repair or replace any part that is defective in material or workmanship under normal use.

63. As a direct and proximate result, Plaintiff is entitled to damages for Defendant's breach of warranty.

WHEREFORE, Dr. Biondi prays for judgment against Defendant and more specifically for:

(A)     judgment against Defendant for the actual damages suffered by Dr. Biondi, including but not limited to money expended on the lease of The Vehicle, finance charges, damages associated with the inconvenience suffered as a result of the complete failure of The Vehicle to operate properly, aggravation, stress and the cost of repairs related to these defects;

(B)     an order granting Dr. Biondi his costs and reasonable attorney fees, pursuant to R.C. § 1345.75;

(C)     an order granting Dr. Biondi his costs pursuant to R.C. § 1345.72;

(D)     judgment pursuant to 15 U.S.C. §§ 2304 (a)(1)&(4), where the warrantor must permit the consumer to either a refund for, or replacement without charge" and 15 U.S.C. § 2310(d) where a consumer may sue for damages, and other legal and equitable relief for a supplier, warrantor, or service contractor's failure to comply with any obligation under the Act or under a written or implied warranty;

(E)     an order granting Dr. Biondi his costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 2310(d)(2);

(F)     an order granting such other and further relief as this Honorable Court deems just, equitable, and appropriate.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Lawrence R. Bach (#0021205)
**Frederick & Berler LLC**
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 609-0750 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
larryb@clevelandconsumerlaw.com

*Attorneys for Plaintiff, Dr. Biondi*

8

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

_/s/Ronald I. Frederick_
Ronald I. Frederick (#0063609)
**Frederick & Berler LLC**

_One of the Attorneys for Plaintiff,_
_Dr. Biondi_