UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| JOHN BIONDI, | : | CASE NO. 1:23-cv-297 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 44] |
| v. | : | |
| | : | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC | : | |
| | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jaguar Land Rover North America (Jaguar Land Rover) moves the Court to reconsider its September 19, 2023, order imposing Rule 37[1] sanctions.[2] In that order, the Court imposed sanctions establishing certain facts about complaints concerning electrical failures in other 2020 Land Rover vehicles.

For the following reasons, the Court **DENIES** Defendant Jaguar Land Rover's motion for reconsideration of sanctions.

## I. BACKGROUND

On September 19, 2023, the Court issued an order granting part of Plaintiff John Biondi's motion for sanctions under Rule 37.[3]

In that order, the Court found that Defendant Jaguar Land Roverfailed to provide discovery and found that Plaintiff had satisfied the Sixth Circuit's requirements for imposing sanctions.[4] Plaintiff Biondi had sought responses to four requests that broadly concern

---

[1] *See* Fed. R. Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).
[2] Doc. 42.
[3] *See* Doc. 24.
[4] Doc. 42 at 4.

Case No. 1:23-cv-297
GWIN, J.

information about vehicles that may have had battery-related electrical issues similar to this case's central issue.[5]

The Court found that Jaguar Land Rover had failed to comply with Biondi's repeated production requests and an August 21, 2023 Magistrate Judge order.[6] Jaguar Land Rover had repeatedly responded that it was unable to locate responsive documents or even determine the universe of incidents potentially relevant to the discovery requests.[7] Jaguar Land Rover also continued to assert that the requests were overbroad and unduly burdensome.[8] This was so even after the Magistrate Judge either found Plaintiff's requests appropriate or narrowed their scope.[9]

Plaintiff's requested discovery sought communications and documents that involved Plaintiff's warranty claims and service and Jaguar Land Rover's response to those service requests. The discovery also sought communication and documents involving similar complaints from Jaguar Land Rover customers.

This Court found that Defendant Jaguar Land Rover's responses were evasive and found that Jaguar Land Rover had been warned that its conduct risked sanctions.[10] The Court found that Plaintiff Biondi had been prejudiced by Jaguar Land Rover's unresponsiveness and the resources Biondi had to expend in resolving this dispute, given the proximity to trial.[11]

---

[5] *Id.*
[6] *Id.*
[7] *Id.* at 4. Doc. 37 at 1-2.
[8] Doc. 37 at 1-2.
[9] Doc. 31 at 9-10, 13-17.
[10] Doc. 42 at 4-5.
[11] *Id.* at 5.

Case No. 1:23-cv-297
GWIN, J.

Consequently, the Court ordered sanctions that established certain facts about electrical issues with the 2020 Land Rover vehicles and prohibited Jaguar Land Rover from introducing evidence or arguing otherwise at trial.[12] The Court also ordered Jaguar Land Rover to pay Biondi's reasonable costs and attorneys' fees relating to the dispute.[13]

On September 21, 2023, Jaguar Land Rover moved the Court to reconsider these sanctions.[14] Jaguar Land Rover argues that it fully cooperated with discovery and complied with the Magistrate Judge's order. Jaguar says it made a diligent investigation, found and produced responsive information, and indicated where information and documents could otherwise not be produced or did not exist.[15] Jaguar Land Rover also asserts that Biondi was not harmed by Jaguar Land Rover's conduct, but by Biondi's own delays or inaction.[16] The Court ordered Plaintiff Biondi to file a response; he did so.[17]

## II. DISCUSSION

Reconsideration is not warranted here.

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[18] Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[19]

---

[12] *Id.* at 5-6.
[13] *Id.* at 6.
[14] Doc. 4.
[15] *Id.* at 3.
[16] Doc. 47 at 1-3/
[17] See Dkt., September 22, 2023; Doc. 46.
[18] Fed. R. Civ. P. 549b); *see also* Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).
[19] *Rodriguez*, 89 F. App'x. at 959 (*citing Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

- 3 -

Case No. 1:23-cv-297
GWIN, J.

A motion for reconsideration is not available, however, to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[20] Motions to reconsider are "extraordinary in nature, and because they run contrary to notions of finality and repose, should be discouraged."[21]

None of the justifications for reconsideration are present here. Defendant Jaguar Land Rover fails to show any intervening change of controlling law, any newly available evidence, or the occurrence of clear error or manifest injustice. Indeed, the Court finds more evidence supporting its prior finding of prejudice to Defendant Biondi.

For instance, Defendant Jaguar Land Rover partially responded to Biondi's discovery requests on August 31, 2023.[22] This production included notes between technicians who worked on the vehicle, beginning on December 15, 2022 and continuing through March 30, 2023.[23] Jaguar Land Rover had asserted these documents were protected by the work product doctrine.[24] The Magistrate Judge had granted Biondi's motion to compel these documents and ordered Jaguar Land Rover to either provide the documents or submit a privilege log in compliance with Rule 26.[25]

These technician notes were not protected by the work-product privilege, and Defendant Biondi was harmed by Jaguar Land Rover's delay in producing them. The work-product privilege protects materials prepared in anticipation of litigation from discovery.[26] It

---

[20] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).
[21] *Id.* (quotations omitted).
[22] Doc. 46 at 1; Doc. 47 at 1-2.
[23] Doc. 46 at 1.
[24] Doc. 19-3 at 9.
[25] Doc. 31 at 13-14.
[26] Fed. R. Civ. P. 26(b)(3).

Case No. 1:23-cv-297
GWIN, J.

does not, however, protect the disclosure of underlying facts, even if the same information is contained in work product.[27] The technician notes started a month before Biondi's counsel contacted Defendant Jaguar Land Rover and fall outside of the work-product privilege's protection.[28]

In raising a meritless objection and then delaying the production of these documents, Jaguar Land Rover prevented Biondi from providing the technician notes to his expert before the expert's July 21, 2023 vehicle inspection and before the expert's July 28, 2023 expert report.[29] Jaguar Land Rover's response—that Biondi has had these documents "since August" and never produced a supplemental expert report—is unavailing.[30] Had Jaguar Land Rover timely responded to Biondi's discovery request made on April 6, 2023, Biondi could have properly prepared its discovery plan, rather than needing to compensate for Jaguar Land Rover's delays in the weeks preceding trial.[31]

Additionally, Jaguar Land Rover's responses to requests concerning NHTSA Complaint 11501496 are unconvincing. The record contains a copy of Complaint 11501496. This copy states that Land Rover Corporate "and all retailers" are aware of the issues in that NHTSA Complaint.[32] In light of this and the Magistrate Judge's order compelling discovery, Jaguar Land Rover's statement that it has not located any responsive

---

[27] *See In re Behr Dayton Thermal Products LLC,* 298 F.R.D. 369, 374 (N.D. Ohio 2013) (*citing Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981)).
[28] *See* Doc. 30-1.
[29] *See* Doc. 46 at 2.
[30] Doc. 47.
[31] During September 2023, Defendant Biondi filed a motion to extend the discovery deadline and trial dates, a report of Defendant's failure to provide discovery, and a motion to conduct an out-of-state deposition, due to Jaguar Land Rover's delays and unresponsiveness. See Docs. 36, 37, 40. Biondi's efforts to work around Jaguar Land Rover's deficiencies are particularly harmful during this period, given the proximity to trial. That the Court and both parties have spent the weekend before trial attempting to resolve these discovery issues further supports the finding of harm.
[32] Doc. 12-4.

Case No. 1:23-cv-297
GWIN, J.

documents warrants explanation beyond the conclusory assertions provided. The ordered sanctions are appropriately tailored to Jaguar Land Rover's deficiencies.

### III.  CONCLUSION

For the following reasons, the Court **DENIES** Defendant Jaguar Land Rover's motion for reconsideration of sanctions.

IT IS SO ORDERED.

Dated: September 25, 2023      *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE