**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JOHN BIONDI )  CASE NO.: 1:23-CV-00297
)
      Plaintiff, )
)  JUDGE JAMES S. GWIN
  vs. )
)
JAGUAR LAND ROVER NORTH )  MAGISTRATE JUDGE
AMERICA, LLC )  THOMAS M. PARKER
)
)  **PLAINTIFF'S MOTION FOR**
)  **ORDER TO ENFORCE**
)  **SETTLEMENT AGREEMENT AND**
)  **FOR AN AWARD OF  REASONABLE**
)  **ATTORNEY FEES**
)
)
)

## I.    FACTUAL BACKGROUND:

NOW COMES Plaintiff, John Biondi and hereby moves this Court pursuant to for an Order to enforce the settlement agreement reached with Defendant Jaguar Land Rover North America, LLC ("JLRNA") in the morning of September 26, 2023, just prior to the commencement of the trial to a jury. The terms of the settlement were announced by the parties in open court indicating the settlement sum and the condition that the Plaintiff would need to execute a release. JLRNA's counsel asked, and Biondi agreed, to an additional that the terms were to remain confidential. Thereafter the Court announced that it would retain jurisdiction to enforce the settlement. Additionally, the Court issued the following Order:

> **Order signed by Judge James S. Gwin on 9/26/23. Upon representation of counsel and parties that the above-captioned case has been settled between the parties, IT IS ORDERED that the docket be marked, "settled and dismissed with prejudice." Parties are to file any subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action as directed. Any such order shall supersede this order. FURTHER, the Court retains continuing jurisdiction to resolve disputes concerning the memorialization of this settlement agreement. [DOC 51].**

Two weeks after the settlement, on October 11, 2023, counsel for Biondi sent an email to counsel for JLRNA regarding the status of "the release and settlement funds." In response, defense counsel indicated that a draft would be sent "on the following day" and asked for the Plaintiff's attorney's W-9. The W-9 was sent that day. On October 17, 2023 JLRNA finally sent a draft settlement agreement. The draft settlement agreement contained two terms not agreed to by the parties:

- A liquidated damages clause relating to breach of the confidentiality agreement in the amount of $10,000.00; and

- A waiver of any interest on the settlement funds with a reference to *Hartman v. Duffey* (2002), 95 Ohio St.3d 456 (plaintiff entitled to interest on confidential settlement agreement that had not been reduced to judgment, and interest accrued on date of settlement).

On that same day Plaintiff's counsel responded rejecting the liquidated damage provision.

Clarifying that response, Plaintiff's counsel later indicated that:

> Ron directed me to clarify my earlier email. We need to be in receipt of the settlement funds by Tuesday, October 31, 2023. Absent that, we will file a motion to enforce the settlement agreement and will require payment of interest on the settlement funds. Per RC 1343.01 the current rate is 8% and will seek attorney fees in connection with the motion.

On October 18, 2023 JLRNA's counsel responded as follows:

> Larry – How would you propose that the confidentiality agreement have any teeth without some sort of liquidated damages provision?  We have typically used these provisions to ensure that both sides are bound by the confidentiality provision.  Regarding the interest and funds, JLRNA is not agreeable to paying interest on the settlement.  JLRNA needs the signed settlement agreement to order the funds from overseas.  So, the sooner we can get the settlement agreement signed, the quicker the funds will be sent to us and then from us to you.

On October 25, 2023, Plaintiff's counsel suggested the following alternative language for enforcement of the confidentiality provision:

> In any action to enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

Given JLRNA's insistence that no funds would be sent until JLRNA received a signed copy of the release, Plaintiff's counsel requested how long it would take for JLRNA to send the funds after a release was signed and learned that:

> Larry – I do not know for sure.  Usually it takes 30-60 days to receive the check once it has been ordered (which requires the signed release) but it is out of our control.  But the sooner you sign the release the sooner the check will be received.  Are you ok with the settlement agreement that we proposed?  Let's move past the release and get it signed so we can order the funds.

Exhibit A contains the relevant emails between counsel

## II.     LAW AND ARGUMENT:

Throughout this case JLRNA has consistently delayed its obligations, culminating in an Order of September 19, 2023 sanctioning JLRNA for discovery abuses. Now, after agreeing to the settlement, JLRNA seeks to impose terms never agreed to by the parties. First, it added a one sided liquidated damage provision that potentially exposed Plaintiff's counsel to liability for any breach of the confidentiality clause.  That provision was immediately rejected. Next, JLRNA sought to avoid paying interest on the settlement, with the provision:

> … the settlement proceeds shall be due and payable to Biondi on the date that Biondi receives the settlement proceeds, and Biondi expressly waives any and all claim to interest on the settlement proceeds.

Even now JLRNA cannot give a date when Biondi will receive the settlement funds, as it is making ordering the funds contingent on Biondi signing and returning the release. JLRNA is effectively holding the settlement funds it previously agreed to pay hostage to coercing Biondi into signing its version of the release. Even if Biondi signed the release and returned it to JLRNA, there is no

date when JLRNA will get around to ordering and delivering the settlement funds. On the time table JLRNA provided, Biondi may not get paid until sometime next year, or even later.

       **A.**      **This Court has jurisdiction to enforce the parties' settlement agreement.** In its September 26, 2023 Order, the Court specifically retained jurisdiction to enforce the settlement agreement. See, *Re/Max Intern., Inc. v. Realty One, Inc*. 271 F.3d 633, 641-642, (2001)(Court order retaining jurisdiction to enforce settlement terms sufficient to establish jurisdiction for that purpose).

       **B.**      **Biondi was entitled to the settlement funds as of September 26, 2023**. When the parties agreed to settle this matter on September 26, 2023, Ohio law mandated that JLRNA pay Biondi the settlement sum, with interest. R.C. §1343.03(A). JLRNA was obviously aware of this requirement of Ohio law since the release it supplied to Biondi—three weeks after the settlement—contained for the first time a reference to the Ohio law confirming Biondi rights, yet requiring Biondi to surrender that right, and excusing JLRNA from paying interest on the funds regardless of when JLRNA got around to making the payment.  JLRNA predicated ordering the settlement funds upon Biondi signing the release and his counsel supplying the firm's W-9. The requested W-9 was provided on October 11, 2023, six days before JLRNA notified Biondi's counsel of this term in the release. *Hartman v. Duffey* (2002), 95 Ohio St.3d 456, supra.

       **C**.      **The parties entered into an enforceable contract on September 26, 2023**. In *Tocci v. Antioch University* (2013), 967 F.Supp.2d 1176 the court enforced a settlement reached by the parties in a mediation between a student and the university. Two months after the mediation was conducted by a magistrate judge, Antioch moved to enforce the settlement. At hearing for enforcement, the magistrate judge testified that the parties had absolutely reached a settlement

even though the terms of the settlement were not reduced to writing. In determining that an enforceable settlement agreement was reached, the court in *Tocci* observed that:

> The Ohio Supreme Court considers it "axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation[,] and that such agreements are valid and enforceable by either party." *Cont'l W. Condo. Unit Owners Ass'n v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 660 N.E.2d 431, 432 (1996). "The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 683 N.E.2d 337, 339 (1997) (citing *Noroski v. Fallet,* 2 Ohio St.3d 77, 442 N.E.2d 1302, 1304 (1982)). A more comprehensive statement set forth by the Ohio Supreme Court defines a contract "as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper,* 96 Ohio St.3d 1, 770 N.E.2d 58, 61 (2002) (quoting *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D.Ohio 1976)). Thus, "[a] meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id.* (citing *Episcopal Ret. Homes, Inc. v. Ohio Dep't of Indus. Relations,* 61 Ohio St.3d 366, 575 N.E.2d 134 (1991)). The essential terms of an enforceable settlement agreement must be "reasonably certain and clear." *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 683 N.E.2d 337, 339 (1997).
> Id. at 1195.

In this case, the essential terms of the settlement are perfectly clear: payment of the agreed sum and a confidentiality agreement. Certainly JLRNA can insist on performance (Biondi signing a release) before payment, but JLRNA cannot insist on a release mandating Biondi waives his right to interest on the settlement funds before JLRNA even orders the settlement funds. Further, JLRNA cannot impose a separate liquidated damage clause in the release.

To determine whether the parties have manifested mutual assent, "the law is only interested in objective manifestations of intent." *Rudd v. Online Resources, Inc.,* No. 17500, 1999 WL 397351 at *5 (Ohio Ct.App. June 18, 1999) (citing *Nilavar v. Osborn,* 127 Ohio App.3d 1, 711 N.E.2d 726 (1998)). Because the inquiry examines the parties' outward, objective manifestations of intent, "expressions of assent are generally sufficient to show a meeting of the minds." *Nilavar,* 711 N.E.2d at 733. For this reason, "[s]ecretly held, unexpressed intent is not

relevant to whether a contract is formed." *Id.* Rather, a party manifests assent "wholly or partly by written or spoken words or by other acts or by the failure to act." *Ford v. Tandy Transp., Inc.,* 86 Ohio App.3d 364, 620 N.E.2d 996, 1006 (1993) (citing Restatement (Second) of Contracts § 19(1) (1981)). Because "manifested mutual assent rather than actual mental assent is the essential element in the formation of contracts," one party's "mistaken idea" as to whether acceptance of an offer has occurred cannot overcome the recognition of mutual assent based on conduct. *Id.* at 1007 n. 2.

      **D**.    **The Court should award reasonable attorney fees in connection with this Motion.** The court in *Tocci*, supra. at 1201-1202, recognized that the attempt to repudiate or alter the terms of a settlement may warrant the imposition of an award of attorney fees. In this case, there is no disagreement that a settlement occurred, the disagreement relates solely to JLRNA's imposition of new terms to the settlement that were never mentioned, negotiated, or agreed to.

      **III.**    **CONCLUSION:**

      JLRNA has agreed to replace the liquidated damages clause connected to the agreed upon confidentiality provision. Its insistence, nevertheless, of Biondi waiving interest is a new material term to the settlement agreement. This Court should direct JLRNA to remove the interest waiver and require JLRNA to pay interest at the Ohio legal rate for every day past September 26, 2023 Biondi has to wait for payment of the settlement sum. Additionally. Biondi should be awarded reasonable attorney fees in connection with this Motion as it is a predicament of JLRNA's own making.

                        Respectfully submitted,

                        */s/Lawrence R. Bach*
                        Ronald I. Frederick (#0063609)
                        Lawrence R. Bach (0021205)
                        **Frederick & Berler LLC**

767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 609-0750 (fax)
ronf@clevelandconsumerlaw.com
larryb@clevelandconsumerlaw.com

*Attorneys for Plaintiff Dr. Biondi*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. Additionally, a copy of the foregoing

has been sent via electronic mail to the following party:

Robert D. Kehoe
Kevin P. Shannon
**KEHOE & ASSOCIATES, LLC**
rdkehoe@kehoelaw.net
KShannon@kehoelaw.net

*Counsel for Defendant, Jaguar Land Rover
North America, LLC*

/s/Lawrence R. Bach
Lawrence R. Bach (#0021205)
**Frederick & Berler LLC**

*One of the Attorneys for Plaintiff Dr. Biondi*